**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.:**

JON DORSEY,

     **Plaintiff,**

v.

FREIGHTCENTER, INC.,
MATTHEW BROSIOUS, ALI CHOINIERE,
AMY VAN NESS, AND JAMIE SMITH,

     **Defendants.**

_____/

## COMPLAINT

Jon Dorsey ("Plaintiff"), by and through undersigned counsel, hereby sues FreightCenter, Inc., Matthew Brosious, Ali Choiniere, Amy Van Ness, and Jame Smith (collectively, "Defendants").

## NATURE OF CASE

1.     This is an action for: (i) unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"); (ii) unlawful retaliation under the FLSA; (iii) unlawful retaliation under the Florida Whistleblower Act ("FCRA") in connection with FSLA complaints; (iv) unpaid wages; and (iv) and breach of contract.

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1367, and 29 U.S.C. § 216(b).

3.     Venue of this action properly lies in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff is an individual and citizen in the State of Florida residing in Pinellas County, Florida.

5.     Defendant FreightCenter, Inc. ("FreightCenter") is a Florida corporation with its principal place of business in Pinellas County, Florida.  Defendant FreightCenter is a freight logistics/brokerage company. Plaintiff was previously employed by Defendant FreightCenter.

6.     Defendant Matthew Brosious is an individual and citizen of the State of Florida. Defendant Matthew Brosious is an owner, President/Chief Executive Officer and Registered Agent of FreightCenter.

7.     Defendant Alison Choiniere is an individual and citizen of the State of Florida. Defendant Alison Choiniere is the Chief Operating Officer of FreightCenter.

8.     Defendant Amy Van Ness is an individual and citizen of the State of Florida. Defendant Van Ness is the Chief Financial Officer of FreightCenter.

9.     Defendant Jamie Smith is an individual and citizen of the State of Florida. Defendant Jamie Smith is the Director of Logistics for FreightCenter.

## FACTS

**Unlawful Pay Practices**

10.     On or about October 22, 2018, Plaintiff begin employment with Defendant FreightCenter.

11.     During his employment, Plaintiff regularly worked over forty hours per week. During this time, Plaintiff's compensation consisted of salary plus commissions.

12.     Based on his job duties and/or pay, Plaintiff could not be classified as exempt under the FLSA.

13.     During his employment, Plaintiff was not paid any overtime for hours worked over 40 per workweek.

14.     During his employment, Plaintiff received no commissions whatsoever for some sales he made, despite being entitled to commissions for such sales.

15.     During his employment, Plaintiff received a percetange commission on certain sales that were lower than the percentange to which he and Defendant FreightCenter had agreed.

**Unlawful Retaliatory Acts**

16.     Plaintiff made complaints, including written complaints, to Defendants Matthew Brosious, Alison Choiniere, and Jamie Smith concerning unlawful pay practices. These complaints were made at, among other times, on March 13 and March 16, 2020.

17.     For example, on Friday, March 13, 2020, prior to being terminated, Plaintiff sent the following email to Defendant Jamie Smith:

> Dear Jamie:
>
> This email is to put in writing my concerns expressed earlier today, as well as elaborate on them and request an investigation.
>
> As stated earlier, I feel that the company's pay practices are unlawful. For example: (i) I believe it is unlawful for the company and its management to classify me as exempt from overtime pay under the Fair Labor Standards Acta and any other relevant state or federal laws; and (ii) I believe it is unlawful for the company and its management to change my commission structure with respect to sales that were already made. Please look into these complaints.
>
> Notwithstanding the above, I look forward to continuing my employment witj the company as a valued member of the team.
>
> Sincerely,

18.     Defendants Jamie Smith received and saw that email.

19.     Upon and information belief, Defendant Matthew Brosious saw that email.

20. Upon and information belief, Alison Choiniere saw that email.

21. Within only an hour of sending that email, Plaintiff's access to his work email and Defendant FreightCenter's internal online database, Aljex, were disabled.

22. On Tuesday, March 17, 2020, Plaintiff went to work at Defendant FreightCenter. He was sent home and instructed to return the next day for a meeting with Defendant Jamie Smith and Alison Choiniere.

23. That night, on March 17, 2020, again prior to being terminated, Plaintiff reiterated his concerns about not being paid legally. Specifically, he sent an email to Defendants Alison Choinier and Jamie Smith, stating:

> Dear Jamie:
>
> As you know, on March 13, 2020 (last Friday), I emailed you from my work computer to complain about my belief that the company has not paid me lawfully under state and federal law and I requeted an investigation into those issues.
>
> Immediately after that email – the evening of March 13, 2020 – I noticed that the company shut off my access to work email. As of Monday morning (i.e., March 16), I was still locked out of my work email.
>
> At that point, I assumed I was terminated by the company. However, out of an abudence of caustion, and even in the face of government agencies recommending everyone stay home on Monday and Tuesday due to the Coronavirus, I came to your office on Tuesday, March 17 (today) at about 2:00 PM. I indicated that I was still willing to work, but that my work email was still blocked.
>
> You responded that my email was shut off because of the email I sent you on March 13, 2020 (i.e., the email that complained about my belief of unlawful pay and requested an investigation). You also asked me to meet you and the company COO tomorrow morning at your office. You did not clarify if I have been terminated. As you requested, I will be at the office tomorrow morning.
>
> I look forward to meeting with you and the COO. I hope the company investigates the wage claim allegaitons, pays me what is owed (to the extent

the complaints are correct), and we can move forward with our working relationship.

24.     Defendant Alison Choinier received and saw that email.

25.     Defendant Jamie Smith received and saw that email.

26.     Upon information and belief, Defendant Matthew Brosious saw that email.

27.     On Wednesday, March 18, 2020, Plaintiff returned to work.

28.     At the meeting, on March 18, 2020, Plaintiff was not terminated. Instead, among other things, Defendants Jamie Smith and Alison Choiniere disagreed with Plaintiff's claim that he was non-exempt under the FLSA, indicated they would looking the commission claims, and that Plaintiff would rceive a follow up email.

29.     Within a few hours after the meeting, while still at work, Plaintiff received an email from Defendant Jamie Smith that stated:

> Jon,
>
> To recap our meeting on 3-18-20
>
> 1. We will look at your bonus check for this month and retify any discrepancies and get a check to you today if found to incorrect.
>
> 2. **You are an exempt employee and are ot able to receive OT.**
>
> 3. You are on board with the FreightCenter pay plan for LAM's and intend to be on able party to our team.
>
> 4. **Lastly, that the e-mail dated 3-13-20, that any 3rd parties brought into your employment with FreightCenter will not be pursued.**
>
> I now that this pay plan and position you ar ein will pay off for you even more in the future if you follow the game plan. The initial transition of such has not been as smooth as I had planned but rarely is it easy. I took forward t oworking with you as a valued member of the FreightCenter team. Let's blow this thing out!
>
> **Please acknowledge you agree.**

Thank you,

Jamie Smith

30.     Later that day, on March 18, 2020, Defendant Jamie Smith approached Plaintiff and asked him if he was going to respond in agreement to the email. Plaintiff said he could not agree with #2 and #4 in the email.

31.     In other words, Plaintiff rightly (i) refused to waive his rights by agreeing that he was non-exempt under the FLSA, as reflected in #2 of the email, and (ii) he refused to waive his rights by not involving an attorney (*i.e.*, third party) to possibly pursue employment law violations, as reflected in #4 of the email.

32.     Defendant Jamie Smith then terminated Plaintiff within a few minutes, claiming that Plaintiff was terminated because of absences and for not agreeing to the email sent by Defendant Jamie Smith.

33.     Not only was Plaintiff terminated in blatant retaliation for asserting his rights to be paid lawfully under state and federal law, but the termination was made on the day after most Americans were concerned about keeping their jobs after the outbreak of the COVID-19.

34.     Given the blatant and egregious nature and timing of the unlawful termination, Plaintiff seeks substantial punitive damages at the jury trial.

35.     Plaintiff received no additional commission payments, despite his complaints and Defendant Jamie Smith stating that any additional amounts owed would be paid by March 18, 2020.

36.     As a result of Defendants' unlawful acts, Plaintiff has been forced to retain undersigned counsel to bring this action.

37.     Any and conditions precedent, if any, to bring the claims herein were satisfied or waived.

## COUNT I – FLSA UNPAID OVERTIME
### (Against All Defendants)

38.     Plaintiff incorporates by reference, as if fully restated herein, the allegations contained in Paragraphs 1 - 37 of this Complaint.

39.     This is a cause of action for unpaid overtime under the FLSA.

40.     Defendants employ more than two individuals.

41.     Defendants have an annual dollar volume of sales or business being done of at least $500,000.

42.     Defendants are subject to the FLSA.

43.     During Plaintiff's employment with Defenants, the Defendants were his employer, as that term is defined by the FLSA.

44.     Defendant Matthew Brosious is an owner of Defendant FreightCenter and exercises significant control over its operations as one of its owners and as President/CEO, so as to be subject to liability under the FLSA.

45.     Defendant Alison Choiniere exercises significant control over the operations of Defendant FreightCenter as its COO, so as to be subject to liability under the FLSA.

46.     Defendant Amy Van Ness exercises signatificant control over the operations of Defendant FreightCenter as its CFO, so as to be subject to liability under the FLSA.

47.     Defendant Jamie Smith exercises control over the operations of Defendant FreightCenter as the Director of Logistics, so as to be subject to liability under the FLSA.

48. During Plaintiff's employment, he worked, on average, between 55 – 60 hours per week but was not paid overtime as a result of the Defendants' unlawful pay practice, policies and/or procedures.

49. Defendants knew that Plaintiff was not being paid for overtime hours worked.

50. Defendants' failure to pay overtime was intentional.

51. As a direct and legal consequence, Plaintiff has suffered damages.

WHEREFORE, Plaintff respectfully requests that this Court:

    a.    Enter judgement in his favor for unpaid overtime, liquidated damages, and pre-judgement interest;

    b.    Award attorney fees and costs;

    c.    Enter equitable relief mandating the cessation of the unlawful pay practices, policies and/or procedures; and

    d.    Grant any other relief this Court deems just and proper.

### COUNT II – UNPAID WAGES
### (Against Defendant FreightCenter)

52. Plaintiff incorporates by reference, as if fully restated herein, the allegations contained in Paragraphs 1 - 37 of this Complaint.

53. This is an action for unpaid commissions, which constitute unpaid wages under Florida law.

54. During Plaintiff's employment, he earned wages in the form of commissions, which were not paid and are still owed.

55. Defendant FreightCenter knew that Plaintiff was not paid all wages owed in the form of commissions.

56. Defendant FreightCenter's failure to pay all wages owed was intentional.

57. As a direct and legal consequence, Plaintiff has suffered damages.

WHEREFORE, Plaintff respectfully requests that this Court:

a. Enter judgement in Plaintiff's favor and against Defendant FreightCenter for unpaid wages;

b. Award monetary damages, including but not limited to, unpaid wages, liquidated damages, and pre-judgement interest;

c. Award attorney fees and costs;

d. Enter equitable relief, including but not limited to, mandating the cessation of the unlawful pay practices, policies and/or procedures; and

e. Grant any other relief this Court deems just and proper.

## Count III – BREACH OF CONTRACT
### (Against Defendant FreightCenter)

58. Plaintiff incorporates by reference, as if fully restated herein, the allegations contained in Paragraphs 1 -37 of this Complaint.

59. This cause of action for breach of contract.

60. Plaintiff and Defendant FreightCenter entered into an agreement, where Defendant FreightCenter was supposed to pay Plaintiff commissions he earned pursuant to an agreed commission schedule.

61. Defendant FeightCenter knew that Plaintiff was not paid all commissons owed.

62. Defendant FreightCenter breached the agreement by failing to pay Plaintiff all his commissions.

63. As a direct and legal consequence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

a.  Enter judgment in Plaintiff's favor and against Defendant FreightCenter for breach of contract;

b.  Award the full amount of damages Plaintiff has suffered;

c.  Award costs; and

d.  Grant any other relief this Court deems just and proper.

**COUNT IV – FLSA RETALIATION**
**(Against Defendants FreightCenter, Alison Choiniere, Jamie Smith and Matthew Brosious)**

64.  Plaintiff incorporates by reference, as if fully restated herein, the allegations contained in Paragraphs 1 - 37 of this Complaint.

65.  This cause of action for breach of unlawful retaliation under the FLSA.

66.  Plaintiff filed comlaints with the Defendants relating to the Defendants unlawful pay practices, including its failure to comply with the FLSA. These complaints were made at, among other times, on March 13 and March 16, 2020.

67.  On March 18, 2020, in direct retaliation for filing such complaints, Plaintiff was terminated.

WHEREFORE, Plaintff respectfully requests that this Court:

a.  Enter judgement in Plaintiff's favor and against Defendants FreightCenter, Alison Choiniere, Jamie Smith, and Matthew Brosious, for unlawful retaliation under the FLSA;

b.  Award monetary damages for unpaid overtime, liquidated damages, and pre-judgement interest;

c.  Award special damages, including but not limited to punitive and emotional distress damages;

d.  Award attorney fees and costs;

e.     Enter equitable relief, including but not limited to, mandating the cessation of the unlawful pay practices, policies and/or procedures; and

f.     Grant any other relief this Court deems just and proper.

## COUNT V – FLORIDA WHISTLEBLOWER ACT
### (Against Defendant FreightCenter)

68.     Plaintiff incorporates by reference, as if fully restated herein, the allegations contained in Paragraphs 1 - 37 of this Complaint.

69.     This cause of action for breach of violation of the Florida Whistleblower Act in connection with reporting a violation of unlawful pay practices, including practices that violated the FLSA.

70.     Plaintiff objected to and refused to participate in Defendant FreightCenter's pay policy and practices that violatd Florida law and the FLSA.

71.     Plaintiff notified Defendant FreightCenter of his objections on multiple occasions, including in writing via email on March 13 and March 16, 2020.

72.     On March 18, 2020, in direct retaliation for filing such complaints, Plaintiff was terminated.

73.     As a direct and legal consequence, Plaintiff has suffered damages.

WHEREFORE, Plaintff respectfully requests that this Court:

a.     Enter judgement in Plaintiff's favor and against Defendant FreightCenter for unlawful retaliation under the Florida Whistleblower Act;

b.     Award all damages allowed pursuant to Florida Statute 448.103, inclyding special damages for punitive and emotional distress damages;

c.     Award attorney fees and costs;

d.      Enter equitable relief, including all equitable relief allowed pursuant to Florida Statute 448.103; and

e.      Grant any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated: March 30, 2020                    Respectfully submitted,

*/s/ William J. Cantrell*
WILLIAM J. CANTRELL
Florida Bar Number 0103254
Primary email: wcantrell@cantrellpllc.com
Secondary email: admin@cantrellpllc.com
JAMES E. FAKHOURY
Florida Bar Number 0118644
Primary email: jfakhoury@cantrellpllc.com
Secondary email: admin@cantrellpllc.com
CANTRELL, PLLC
111 2nd Ave NE, Ste. 1100
St Petersburg, FL 33701
Telephone:813.867.0115
Facsimile: 813.867.0116
*Attorneys for Plaintiff*

*/s/ Matthew A. Crist*
Matthew A. Crist
Florida Bar Number 0035539
2904 West Bay to Bay Boulevard
Primary email: cristm@cristlegal.com
Secondary email: assistant@cristlegal.com
CRIST LEGAL | PA
Tampa, FL 33629
Telephone: (813) 575-5200
Facsimile: (813) 575-2520
*Attorney for Plaintiff*