## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JON DORSEY,

      Plaintiff,

v.                               Case No.: 8:20-cv-00746-SCB-JSS

FREIGHTCENTER, INC.,
MATTHEW BROSIUS, ALI
CHOINIERE, AMY VAN NESS, and
JAMIE SMITH,

      Defendants.

_____/

### JOINT MOTION FOR APPROVAL
### OF SETTLEMENT AND MOTION TO DISMISS WITH PREJUDICE

      Plaintiff, Jon Dorsey, and Defendants, FreightCenter, Inc., Matthew Brosius, Ali Choiniere, Amy Van Ness, and Jamie Smith (collectively, the "Parties"), jointly move for approval of their settlement of Plaintiff's FLSA claims and dismissal with prejudice of all claims in this matter.[1]

### BACKGROUND

      Plaintiff's Amended Complaint (Doc. 16) asserted claims for (i) unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), (ii) unpaid wages pursuant to Florida law, (iii) breach of contract pursuant

---

[1] The Parties appreciate that a stipulation of dismissal under Rule 41(a)(1)(A)(ii) would be appropriate for all non-FLSA claims. But, since the Parties are required to obtain Court approval of the FLSA settlement, the Parties are filing this motion to cover all claims. *See supra* at n. 2.

to Florida law, and (iii) unlawful retaliation pursuant to the FLSA. Defendants dispute Plaintiff's claims. To avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter. With respect to the settlement of the FLSA unpaid overtime claim, the parties entered into the attached FLSA Settlement Agreement attached as **Exhibit 1**. The Parties now seek approval of the Settlement Agreement from the Court.

## ARGUMENT

### A.    The Settlement is Reasonable and Fair.

Judicial review and approval of the Settlement Agreement is necessary to give it final and binding effect.[2] *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982):

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.

> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

---

[2] Only the FLSA unpaid overtime claim is subject to court approval under *Lynn Foods*. The other three claims asserted by Plaintiff are subject to a separate agreement entered into by the Parties and this Court's approval is not sought for that separate agreement.

5612537v1

When both parties are represented by counsel in the adversarial context of a lawsuit, there is a higher likelihood that a negotiated settlement is a fair and reasonable compromise.

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). The Court should approve a FLSA settlement if it is "a fair and reasonable resolution of a *bona fide* dispute." *Lynn's Food Stores*, *supra* at 1354-55. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

- the existence of fraud or collusion behind the settlement;

- the complexity, expense, and likely duration of the litigation;

- the probability of plaintiff's success on the merits;

- the range of possible recovery; and

3

5612537v1

- the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, *2 (M.D. Fla. Jan. 8, 2007); *Hill v. Fla. Ins. Elec., Inc.*, No. 6:06-cv-915-Orl-31JGG, 2007 WL 781886, *4 (M.D. Fla. Mar. 13, 2007). The Court should apply the strong presumption in favor of finding a settlement fair. *Hamilton*, *supra* at *2-3.

## B.    The Relevant Criteria Support Final Approval of the Settlement.

1.    There is no fraud or collusion behind the settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *11-12 (M.D. Fla. Dec. 26, 2006). Here, each Party was independently represented by counsel. Defendant was represented by Jason Stearns of Freeborn & Peters, LLP. Plaintiff was represented by William Cantrell of Cantrell Zwetsch, P.A. and Matthew Crist of Crist Legal, P.A. Counsel for both Parties have extensive experience litigating employment-related claims. Each counsel was obligated to, and did, vigorously represent their clients' rights.

As discussed further below, the amounts to be paid to Plaintiff and his counsel are fair in light of the dispute over the merits of Plaintiff's FLSA overtime claims, and the expense and uncertainty of continuing to litigate that claim.

2.    The complexity, expense, and length of future litigation support the reasonableness of this settlement.

4

The Parties continue to disagree over the merits of the FLSA unpaid overtime claim asserted by Plaintiff. Plaintiff contends he was misclassified as exempt from the FLSA overtime requirements and not paid for overtime hours worked. Defendant contends that Plaintiff was exempt under the administrative exemption and not entitled to overtime and, even if not exempt, Defendant disagrees with the amount of overtime hours Plaintiff alleges he worked. Should this matter proceed, the Parties will bear the substantial expense of litigating these disputed issues. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

3.    There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.

The next factor the court should consider is the stage of the proceedings and the amount of discovery completed. The Parties have exchanged information regarding Plaintiff's hours worked and compensation, and the Parties' counsel have had additional discussions and exchange of information relating to the FLSA claim and defenses. In agreeing upon the Settlement Agreement, the Parties exchanged sufficient information to allow them to make an educated and informed analysis and conclusion.

Furthermore, as the Court can see from the record, the Parties served extensive discovery upon each other, *see* Docs. 24, 25, 26, 29, 32, 33, 34, 35, 37, 40, 49, and 52, engaged in third-party discovery, *see* Docs. 56 and 60, and reviewed relevant and pertinent documents and were prepared to take initial depositions.

5

4.   Plaintiff's probability of success on the merits is uncertain.

Plaintiff's probability of success on the merits is also uncertain, further supporting that this settlement is fair and appropriate. Plaintiff asserts he was misclassified as exempt and worked overtime hours, and that he was not paid for his overtime work. Meanwhile, Defendants contend they can present credible evidence that Plaintiff was not misclassified and, even if he was, that he did not work as much overtime as alleged.

5.   Plaintiff's range of possible recovery is uncertain.

Even if Plaintiff prevails, his range of recovery is uncertain. The Parties disagree over basic factual allegations pertaining to the number of hours Plaintiff worked. The settlement in this matter results in a total payment to Plaintiff of $10,000.00 for alleged unpaid overtime.  In light of the uncertainty of the amounts, if any, Plaintiff would recover if he were to continue litigating his FLSA overtime claim, the Court should find that the settlement is fair and reasonable.

6.   The Parties weighed the opinions of counsel in deciding whether to settle.

Finally, all Parties were represented by counsel who have experience litigating employment-related claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a *bona fide* dispute.

5612537v1

C.    **The "Compromise" of Plaintiff's FLSA Claim is Reasonable.**

Plaintiff contends there is a *bona fide* issue as to whether Plaintiff is exempt from the FLSA overtime requirements and whether worked the number of hours he is claiming. The Settlement Agreement is a fair resolution of the dispute because both Parties risk the possibility that the Court or a jury would find against them should this matter proceed to trial.

Additionally, Plaintiff did not unfairly "compromise" his FLSA overtime claim. The settlement amount represents a reasonable compromise by the Parties in the interest of mutual avoidance of the inherent risk involved in pursuing litigation.

D.    **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 WL 3858491 at *6-7; *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). The *attorneys' fees* and costs that the Parties agreed on for Plaintiff's counsel were negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount

7

paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel"). Given the compliance and engagement between the Parties, the engagement in written discovery, and the continued litigation, the *attorneys' fees* and costs negotiated separately in this matter are fair and reasonable.

## CONCLUSION

As demonstrated above, the terms of the Settlement Agreement are fair, reasonable, and adequate. Thus, the Parties jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a) upon approval of the Settlement by the Court as requested above

**WHEREFORE**, the Parties respectfully request that the Court grant this motion, approve the Settlement Agreement as outlined in this motion, and grant such further relief as the Court deems appropriate.

**[Attorney's signature appears on the following page.]**

8

5612537v1

Respectfully submitted,

/s/ Matthew A. Crist
Matthew A. Crist, Esq.
cristm@cristlegal.com
**CRIST LEGAL | PA**
2904 West Bay to Bay Boulevard
Tampa, FL 33629
Telephone: (813) 575-5200
Facsimile: (813) 575-2520

William J. Cantrell, Esq.
wcantrell@czeblaw.com
Dorrella L. Gallaway,Esq.
dgallaway@czeblaw.com
**CANTRELL ZWETSCH, P.A**
.401 East Jackson Street, Suite 2340
Tampa, FL 33602
Telephone: (813) 867-0115
Facsimile: (813) 867-0116

**Attorneys for Plaintiff**

/s/ Jason P. Stearns
Jason P. Stearns, Esq.
jstearns@freeborn.com
Ian J. Dankelman, Esq.
idankelman@freeborn.com
**FREEBORN & PETERS LLP**
201 N. Franklin St., Suite 3550
Tampa, FL 33602
Phone: (813) 488-2920
Facsimile: (813) 488-2960

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** on March 15, 2021, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Jason P. Stearns
Jason P. Stearns
Attorney

9